# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TERRY HARDAGE, )
)
        Plaintiff, )
)
vs. ) Case No. 11-CIV-295-JHP
)
THE STATE OF OKLAHOMA )
DEPARTMENT OF HUMAN )
SERVICES/CHILD WELFARE, et al., )
)
        Defendants. )

## ORDER

This matter comes before the Court on Defendants Greg Cox, Roger Fuller, George Bormann, Dennis Thomas, Cindy Smith, and Ron Lockhart's Motion for Judgment on the Pleadings (Dkt. #132). After careful review of the pleadings, and based upon the reasons as more fully set forth in Defendants' Motion for Judgment on the Pleadings, said motion (Dkt # 132) is GRANTED. In particular, this Court finds the following:

(1) This Court finds, based on the reasons as more fully set forth in Defendants' Motion for Judgment on the Pleadings, that this Court lacks jurisdiction over any allegations arising from the April 2, 2010 incident under the *Rooker-Feldman* doctrine, which recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments. *Bolden v. City of Topeka, Kan.,* 441 F.3d 1129, 1139 (10th Cir.2006).

(2) In order to survive a Motion for Judgment on the Pleadings for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955,*

1964-65 (2007). Yet the Court need not accept as true legal conclusions from the complaint or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* \_\_\_\_ U.S. \_\_\_\_ , 129 S.Ct. 1937 (2009) *(quoting Bell Atlantic Corp. v.* Twombly, 550 U.S. at 557). This Court finds, based on the reasons as set forth more fully in Defendants' Motion for Judgment on the Pleadings, that the Plaintiff has failed to meet this standard as against Defendants Bormann, Thomas, Smith, Fuller, Cox, and Lockhart for the April 2, 2010 incident, and as against Defendants Fuller and Cox for the July 15, 2011 incident.

(3) Defendants sued in their individual capacities in an action under 42 U.S.C. § 1983 "are entitled to qualified immunity unless it is demonstrated that their conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Co,* 186 F.3d 1238, 1251 (10th Cir. 1999). This Court finds, based on the reasons as set forth more fully in Defendants' Motion for Judgment on the Pleadings, that even if Plaintiff had stated a claim upon which relief could be granted, Defendants Fuller, Cox, and Lockhart are entitled to qualified immunity for all allegations arising from the April 2, 2010 incident, and Defendants Bormann, Thomas, Smith, and Lockhart are entitled to qualified immunity for all allegations arising from the July 15, 2011 incident.

(4) To show Article III standing, a plaintiff must establish three elements: (1) "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) traceability; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992). This Court finds, based on the reasons as set forth more fully in Defendants' Motion for Judgment on the Pleadings, that the Plaintiff

failed to meet his burden to demonstrate standing to even challenge the July 15, 2011 incident.

(5) Finally, the injunctive relief sought by Plaintiff is not "narrowly tailored to remedy the harm shown." Garrison *v. Baker Hughes Oilfield Operations*, Inc., 287 F.3d 955, 961-62 (10th Cir. 2002). Nor, in the declaratory relief sought by Plaintiff, do "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. V. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764 (2007). The Court finds, based on the reasons as set forth more fully in Defendants' Motion for Judgment on the Pleadings, that Plaintiff's claims for injunctive and declaratory relief must be dismissed.

(6) For all of these reasons, Defendants' Motion for Judgment on the Pleadings, (Dkt # 132) is GRANTED.

It is so ordered this 31st day of January, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3